IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03261–REB–KMT

KIMBERLY SPAZIANI,

      Plaintiff,

v.

JEPPESEN SANDERSON, INC., and
MITCH VILLANUEVA,

      Defendants.

---

## ORDER

---

This matter is before the court on "Defendants' Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Claims for Intentional Interference with Contract and Plaintiff's Wrongful Discharge Claim Against Villanueva" (Doc. No. 9 [Mot. Dismiss], filed December 8, 2014), to which Plaintiff filed her response on February 13, 2015 (Doc. No. 25 [Resp. Mot. Dismiss]) and Defendants filed their reply on March 2, 2015 (Doc. No. 32 [Reply Mot. Dismiss]).

Also before the court is "Defendants' Motion for Judgment on the Pleadings on Plaintiff's Claim for Wrongful Discharge in Violation of Colorado Public Policy" (Doc. No. 13 [Mot. J.], filed December 19, 2014), to which Plaintiff filed her response on February 13, 2015 (Doc. No. 26 [Resp. Mot. J.]) and Defendants filed their reply on March 2, 2015 (Doc. No. 33 [Reply Mot. J.]).

## STATEMENT OF THE CASE

This is an employment discrimination action.  In her Complaint, Plaintiff alleges she was discriminated against in retaliation for taking part in an EEOC investigation against her former supervisor and because she is a lesbian.  (Doc. No. 5 [Compl.], filed December 2, 2014.) Plaintiff asserts claims for retaliation and discrimination under Title VII of the Civil Rights Act of 1964.  (*Id.*, ¶¶ 18–21.)  Plaintiff also asserts a claim for discrimination under Colorado statute. (*Id.*, ¶¶ 22–24.)  Finally, Plaintiff asserts a claim for intentional interference with contract.  (*Id.*, ¶¶ 26–28.)  Defendants move to dismiss Plaintiff's claim for wrongful discharge in violation of Colorado's public policy (*see* Mot. Dismiss & Mot. J) and Plaintiff's intentional interference with contract claim (*see* Mot. Dismiss).

## LEGAL STANDARDS

### 1.    *Failure to State a Claim upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id.* at 679–81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

**2.      *Judgment on the Pleadings***

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

## ANALYSIS

**1.      *Intentional Interference with Contract Claim***

Defendants move to dismiss Plaintiff's intentional interference with contract claim because Plaintiff has alleged Defendant Villanueva's contractual interference occurred within the scope of his employment.  (Mot. Dismiss at 3–5.)

To determine whether a plaintiff has stated a claim for contractual interference, the focus is on whether the plaintiff "adequately alleged that [the agent] acted outside the scope of his agency and solely with the intent to harm one of the contracting parties or to interfere in the contract."  *See W.O. Brisben Co. v. Krystkowiak*, 66 P.3d 133, 137 (Colo. App. 2002).  *See Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1478 (Colo. 1996) (attaching personal liability to an agent occurs only in the "rare circumstances" where the agent was "motivated solely by a desire to breach or interfere with the [plaintiff's] contract." ); *see also Ziegler v. Inabata of America, Inc.*, 316 F. Supp. 2d 908, 915 (D. Colo. 2004) (holding "[u]nder Colorado law, an officer or director of a corporation acting within the scope of his or her official capacity will not be subject to personal liability for inducing the corporation's breach of its contract").

In her Complaint, Plaintiff alleges the fact that she is a lesbian "disturbed her new supervisor's ([Defendant] Villanueva['s]) sensibilities" (Am. Compl., ¶ 4), that the relationship between Plaintiff and Defendant Villanueva was "normal" until he "understood that [Plaintiff]

was lesbian" (*id.*, ¶ 11), and from that point he treated her differently, excluded her from meetings, and told Plaintiff's co-workers that he did not want them to discuss sensitive business topics with Plaintiff (*id.*, ¶¶ 12–16).  Plaintiff also alleges that Defendant Jeppesen terminated Plaintiff "upon the determination of [Defendant] Villanueva," using the reason that Plaintiff's group was dissolved as pretext to cover the fact that they terminated her in retaliation for her participation in the EEOC investigation and the fact that she is a lesbian.  (*Id.*, ¶ 17.)  However, Plaintiff fails to allege Defendant Villanueva acted outside the scope of his employment with Jeppsen or that Defendant Villanueva was motivated *solely* by a desire to harm Jeppsen or Plaintiff or to interfere with their contract.  *Krystkowiak*, 66 P.3d at 137.  As such, Plaintiff fails to state a claim for intentional interference with contract.  *See id.*

Defendants' motion to dismiss Plaintiff's claim for intentional interference with contract against Defendant Villanueva is granted.

**2.      *Public Policy Wrongful Discharge Claim***

Defendants move to dismiss Plaintiff's public policy wrongful discharge claim against Defendant Villanueva on the basis that no individual liability exists for a public policy wrongful discharge claim.  (Mot. Dismiss at 5–7.)  Defendants also move to dismiss Plaintiff's public policy wrongful discharge claim asserted against both defendants on the basis that it is preempted by the existence of a statutory remedy, the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. §§ 24-34-301, *et seq.*  (Mot. J.)

**A.      *Individual Liability Against Defendant Villanueva***

Defendants argue that Plaintiff's Complaint fails to state a claim for public policy wrongful discharge against Villanueva because she has pleaded that Defendant Jeppesen—and

not Defendant Villanueva—is her employer.  (Mot. Dismiss at 9.)  In support of their contention,

Defendants cite *Ayon v. Kent Denver School,* No. 12-cv-02546-WJM-CBS, 2013 WL 1786978

(D. Colo. Apr. 26, 2013), in which District Judge William J. Martínez found that that there is no

individual liability for a public policy wrongful discharge claim under Colorado law.  *Ayon,* 2013

WL 1786978, at *8.

       In *Ayon,* Judge Martínez explained, "a claim for wrongful discharge is predicated on the

existence of an employment relationship" and dismissed the plaintiff's claim for public policy

wrongful discharge asserted against her supervisor individually.  2013 WL 1786978, at *8.

Judge Martínez explained that a *prima facie* case for wrongful discharge can only exist where an

employment relationship had already been formed, and thus, such a claim could be properly

stated against an employer, but not a supervisor.  *Id.* (citing *Bonidy v. Vail Valley Center for

Aesthetic Dentistry, P.C.*, 186 P.3d 80, 83 (Colo. App. 2008)).  Judge Martínez found that the

plaintiff's claim for wrongful discharge against her supervisor failed because she alleged that the

school was her employer, and she made no such allegation as against her supervisor.  *Ayon,* 2013

WL 1786978, at *8.

       The court agrees with the defendants that, because Plaintiff has alleged that Defendant

Jeppesen—and not Defendant Villanueva—employed her (*see* Compl., ¶¶ 2, 10), only Defendant

Jeppesen can be potentially liable for Plaintiff's public policy wrongful discharge claim.  *See id.*,

at *7 (stating that to establish claim for public policy wrongful discharge, a plaintiff must

establish: (1) the plaintiff was employed by defendant; (2) the defendant discharged plaintiff; and

the defendant discharged the plaintiff because the plaintiff exercised a specific right or

performed a specific statutory duty.).  *See also Gatuma v. Encore Elec., Inc.*, No. 12-cv-01611-

MSK-MEH, 2012 WL 5354932, at *3 (D. Colo. Oct. 30, 2012) (finding that "a claim for wrongful discharge must necessarily lie against the employer itself" rather than a defendant other than the employer and noting that the statute prohibits discrimination only by "employers.").

As there is no individual liability for a public policy wrongful discharge claim, Plaintiff's public policy wrongful discharge claim asserted against Defendant Villanueva is dismissed.\

### B.     Preemption by CADA

Defendants also argue that Plaintiff's public policy wrongful discharge claim is preempted by the existence of CADA.  (Mot. J.)

In her Complaint, Plaintiff predicates her wrongful discharge claim entirely on CADA (*See* Compl., ¶ 24).  However, no wrongful discharge claim may lie when the statute on which it is premised already provides a remedy for discriminatory or retaliatory discharge.  *See generally Basile v. Missionary Sisters of Sacred Heart of Jesus-Stella Maris Province*, No. 11–cv–01827–REB–KMT, 2011 WL 5984752, at *2 (D. Colo. Nov. 30, 2011) (claim for wrongful discharge in violation of public policy preempted by ADEA and finding "where a statute already provides a remedy for wrongful termination, the tort is unavailable, as the courts in this district have unanimously concluded"); *Caspar v. Lucent Tech., Inc.*, 280 F. Supp. 2d 1246, 1249 (D. Colo. 2003) ("Given the availability of Caspar's Title VII remedies, therefore, Colorado authority indicates the wrongful discharge claim is not available."); *Krauss v. Catholic Health Initiatives Mountain Region*, 66 P.3d 195, 203 (Colo. App. 2003) (employee could not base wrongful discharge claim on the FMLA because the FMLA provided retaliatory discharge remedy); *and Gamble v. Levitz Furniture Co. of the Midwest*, 759 P.2d 761, 766 (Colo. App. 1988) (holding no public policy claim is available where statute in question provides employee with wrongful

discharge remedy).  Here, Plaintiff alleges that Defendants discharged her because of her sexual

orientation.  (*See* Am. Compl.)  CADA already provides a remedy for sexual orientation-based

discrimination.  *See* Colo. Rev. Stat. §§ 24-34-402 and 24-34-405.  Moreover, Plaintiff asserts a

separate claim under CADA.  (*See id.*, ¶ 22).

     In support of her argument that the CADA does not preempt her wrongful discharge

claim, Plaintiff relies heavily on the Colorado Court of Appeals' decision in *Mellema v.*

*Intervention*, No. 13 CA 0450, 2014 WL 5335856 (Colo. App. 2014), *cert denied*, which, in turn,

relied wholly on the Colorado Supreme Court's decision in *Brooke v. Restaurant Services, Inc.*,

906 P.2d 66 (Colo. 1995).  In *Brooke*, an employee claiming to have been sexually harassed

brought a claim for wrongful discharge in violation of public policy (with the public policy in

question apparently being that embodied by CADA), as well as a claim for tortious interference

with contract (in that her immediate supervisor interfered with her employment contract with the

employer).  *Brooke*, 906 P.2d at 67.  The trial court eventually granted summary judgment to the

employer on all claims.  *Id.*  On appeal, the employee "contested only the grant of summary

judgment on her tortious interference claim," and the Court of Appeals affirmed.  *Id.*  The

Colorado Supreme Court granted certiorari on "whether . . . [CADA] provides an exclusive

remedy."[1]  *Id.* at n.1.  The Court held "that [CADA] does not provide an exclusive remedy for

sex discrimination claims."  *Id.* at 70.

     In *Gatuma*, District Judge Marcia S. Krieger stated that "cases such as *Gamble*, *Krauss*,

and others, decided both before and after *Brooke*, address th[is] issue squarely and conclude that

---

[1] The Colorado Supreme Court also granted certiorari on "whether . . . claimants must exhaust administrative remedies under [CADA] in cases which could be but are not brought pursuant to the Act".  *Id.*  That issue is not relevant in this case.

preemption is appropriate." *Gatuma*, 2012 WL 5354932, at \*5.  Judge Krieger explained her

reasoning in adopting the *Gamble* line of cases.  *Id.*  First, Judge Krieger explained that "*Brooke*

involved consideration of the interaction between CADA and a claim for tortious interference

with contract, not a claim for wrongful discharge in violation of public policy." *Id.* at \*3.  Judge

Krieger reasoned that a discrimination claim such as the claim for tortious interference with a

contract in *Brooke* brought against an individual supervisor necessarily falls outside the reach of

CADA because a tortious interference claim can lie against a defendant other than the employer.

*Id.*  Judge Krieger also reasoned that "a claim for wrongful discharge predicated on a public

policy of non-discrimination is indistinguishable from a statutory CADA claim of

discrimination," whereas "[t]he same cannot be said for a claim of tortious interference." (*Id.*)

　　Second, Judge Krieger explained that "the analysis in *Brooke* involved an older, less-

expansive version of CADA" that "does not provide redress to an employee for discriminatory

conduct that does not result in an employment-related decision affecting the employee's pay,

status, or tenure [*i.e.* hostile environment sexual harassment]." *Id.* at 4 (citing Brooke, 906 P.2d

at 68 [citing Colo. Rev. Stat. § 24-34-402(1)(a)].)  Judge Krieger reasoned that, in 1999, the

Colorado legislature amended § 24-34-402(1)(a) to expressly provide that it was also unlawful

for an employer "to harass" employees "based upon an individual's . . . sex." *Id.*  "Thus, to the

extent that the result in *Brooke* was driven by the fact that CADA offered no relief to the

employee for the type of conduct her supervisor inflicted, that is no longer the case."

　　Finally, Judge Krieger noted that "a central premise of *Brooke* is that CADA 'does not

provide a comprehensive scheme for addressing sex discrimination in the workplace.' " *Id.*

(quoting 906 P.2d at 70).  Judge Krieger explained that "by failing to acknowledge the ability of

an employee to bring a civil suit sounding in violation of CADA's non-discrimination requirement, the Court in *Brooke* appears to have somewhat understated the 'comprehensiveness' of CADA's enforcement provisions." *Id.* at 5.  Judge Krieger determined that *Brooke* did not clearly and unambiguously make a finding that a tort-based clone of a statutory CADA claim may co-exist.  (*Id.*)

This court agrees with Judge Krieger's reasoning and also finds the *Gamble* line of cases, which conclude that a CADA claim preempts a claim for wrongful discharge, to be more persuasive.

Accordingly, Plaintiff's public policy wrongful discharge claim is dismissed.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that "Defendants' Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Claims for Intentional Interference with Contract and Plaintiff's Wrongful Discharge Claim Against Villanueva" (Doc. No. 9) and "Defendants' Motion for Judgment on the Pleadings on Plaintiff's Claim for Wrongful Discharge in Violation of Colorado Public Policy" (Doc. No. 13) are **GRANTED**.  Plaintiff's claims for intentional interference with contract and wrongful discharge in violation of public policy are **DISMISSED** with prejudice.

Dated this 11th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge